J-S75027-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ALLEN BROWN | : | |
| | : | |
| Appellant | : | No. 916 WDA 2019 |

Appeal from the PCRA Order Entered June 6, 2019,
in the Court of Common Pleas of Allegheny County,
Criminal Division at No(s):  CP-02-CR-0008971-2005.

BEFORE:   STABILE, J., KUNSELMAN, J., and PELLEGRINI, J.[*]

MEMORANDUM BY KUNSELMAN, J.:                **FILED MARCH 10, 2020**

Allen Brown appeals from the order denying his serial petition filed pursuant to the Post Conviction Relief Act ("PCRA").[1]  We affirm.

In 2007, Brown was convicted of numerous sexual offenses involving his daughter, including rape, incest, statutory sexual assault, and endangering the welfare of children.  On August 16, 2007, the trial court sentenced Brown to an aggregate term of nine to eighteen years in prison.  This Court affirmed the judgment of sentence, and our Supreme Court denied allowance of appeal on July 7, 2009.  ***See Commonwealth v. Brown***, 968 A.2d 786 (Pa. Super. 2009) (unpublished memorandum), *appeal denied*, 980 A.2d 109 (Pa. 2009).

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] ***See*** 42 Pa.C.S.A. § 9541-9546.

Brown thereafter filed two PCRA petitions and a petition for writ of *habeas corpus*, all of which were denied.

On January 17, 2018, Brown filed the instant *pro se* PCRA petition. The PCRA court appointed counsel, who filed an amended petition. Therein, Brown argued that his registration requirements under the Sexual Offender Notification and Registration Act ("SORNA"), **see** 42 Pa.C.S.A. §§ 9799.10-9799.42, violate federal and state constitutional prohibitions on *ex post facto* criminal punishments. On January 29, 2019, the PCRA court granted relief, and ruled that Brown was not required to register under SORNA.

The Commonwealth filed a timely motion for reconsideration with the PCRA court, but did not file an appeal to this Court within the thirty-day appeal period. In his response to the Commonwealth's reconsideration motion, Brown argued that, since thirty days had elapsed since the entry of the January 29, 2019 order granting PCRA relief, and the PCRA court did not expressly grant reconsideration in that thirty-day period, the PCRA court lacked jurisdiction to modify or rescind that order under 42 Pa.C.S.A. § 5505.[2] Notably, the January 29, 2019 order granting PCRA relief was entered by a

---

[2] Pursuant to § 5505, "[e]xcept as otherwise provided or prescribed by law, a court upon notice to the parties may modify or rescind any order within 30 days after its entry, notwithstanding the prior termination of any term of court, if no appeal from such order has been taken or allowed." 42 Pa.C.S.A. § 5505.

judge who retired from the bench shortly thereafter. The case was thereafter reassigned to another judge.

On June 6, 2019, the new judge presiding in the PCRA court entered an order vacating the January 29, 2019 order that previously granted PCRA relief. Brown filed a timely notice of appeal. Both Brown and the PCRA court complied with Pa.R.A.P. 1925.

Brown raises one issue for our review:

> Did Judge Tranquilli lack jurisdiction to enter his June 6, 2019 Order vacating Judge McDaniel's January 29, 2019 order granting Brown's amended PCRA petition and/or petition for writ of *habeas corpus*, and effectively dismissing Brown's amended PCRA petition and/or petition for writ of habeas corpus?

Brown's Brief at 5 (some capitalization omitted).

The crux of Brown's argument is that, pursuant to § 5505, the PCRA court was divested of jurisdiction to modify or rescind its January 29, 2019 order because thirty days had elapsed since the entry of that order. The PCRA court maintains that it had the inherent authority to vacate the January 29, 2019 order. It opined that the original PCRA judge lacked statutory jurisdiction under the PCRA to enter that order. *See* PCRA Court Order, 6/11/19, at 2-3 (unnumbered).

The question herein presented, regarding the power of courts to correct allegedly illegal sentencing orders absent jurisdiction pursuant to the PCRA or the court's inherent authority under 42 Pa.C.S.A. § 5505, is a question of law.

*Commonwealth v. Holmes*, 933 A.2d 57, 65 (Pa. 2007).  Accordingly, our scope of review is plenary and our standard of review is *de novo.*  **Id**.

Under the PCRA, any petition "shall be filed within one year of the date the judgment becomes final[.]"  42 Pa.C.S.A. § 9545(b)(1).  A judgment becomes final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review."  42 Pa.C.S.A. § 9545(b)(3); *see also* U.S.Sup.Ct.R. 13.1.  The PCRA's timeliness requirements are jurisdictional in nature, and a court may not address the merits of the issues raised if the PCRA petition was not timely filed.  *Commonwealth v. Albrecht*, 994 A.2d 1091, 1093 (Pa. 2010).  However, Pennsylvania courts may consider an untimely PCRA petition if the petitioner can explicitly plead and prove one of the three exceptions set forth under 42 Pa.C.S.A. § 9545(b)(1).

It does not appear from the record that Brown sought review in the Supreme Court of the United States.  Accordingly, his judgment of sentence became final on October 5, 2009, which was 90 days after the Pennsylvania Supreme Court denied his petition for allowance of appeal and his time for filing a petition for writ of *certiorari* to the United States Supreme Court expired.  **See** U.S.Sup.Ct.R. 13.1.  Brown therefore had until October 5, 2010 to file the instant petition.  However, he did not do so until January 17, 2018.

In the PCRA court, Brown acknowledged that his petition was facially untimely, since it was filed beyond the PCRA's one-year time bar. However, Brown argued that he satisfied the timeliness exception provided by § 9545(b)(1)(iii), which permits a PCRA court to consider an untimely petition if the petitioner alleges and proves that "the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively." 42 Pa.C.S.A. § 9545(b)(1)(iii). Specifically, Brown argued in his petition that he was entitled to PCRA relief based on the holdings of ***Commonwealth v. Muniz***, 164 A.3d 1189 (Pa. 2017) (holding that that SORNA's registration provisions are punitive, and that retroactive application of those provisions violates federal and state *ex post facto* clauses), and ***Commonwealth v. Derhammer***, 173 A.3d 723 (Pa. 2017) (holding that appellant could not be prosecuted for violating the registration requirements of Megan's Law III because, at the time of his trial, Megan's Law III had been voided as unconstitutional).[3]

---

[3] Brown was sentenced under SORNA's predecessor, Megan's Law II. While SORNA did not enhance the registration period for rape, which remained lifetime registration, it did augment the registration requirements for all Tier III offenders, such as Brown, to include quarterly in-person reporting and the posting of their personal information on the Pennsylvania State Police website. ***Muniz,*** 164 A.3d at 1210-11.

- 5 -

This Court has ruled that **Muniz** created a substantive rule that retroactively applies in the collateral context to timely-filed PCRA petitions. **See Commonwealth v. Rivera-Figueroa**, 174 A.3d 674 (Pa. Super. 2017). However, to date, our Supreme Court has not ruled that **Muniz** applies retroactively to untimely PCRA petitions. Moreover, this Court has held on multiple occasions that **Muniz** does not provide an exception to the PCRA's timeliness requirements. **See id**.; **see also Commonwealth v. Murphy**, 180 A.3d 402, 406 (Pa. Super. 2018) (holding that, because the Pennsylvania Supreme Court has not held that **Muniz** applies retroactively, appellant could not rely on **Muniz** to satisfy the PCRA's timeliness requirements).

Similarly, Brown was required to demonstrate in his PCRA petition that the United States Supreme Court or the Pennsylvania Supreme Court has held that **Derhammer** applies retroactively to untimely PCRA petitions in order to satisfy § 9545(b)(1)(iii). Brown did not do so. Nor could he, as no such holding has yet been issued. Thus, Brown, cannot rely on **Derhammer** to meet the timeliness exception.[4]

---

[4] Even if **Derhammer** had been held to apply retroactively, we fail to see how it would benefit Brown. Derhammer was prosecuted for violating his Megan's Law III's registration requirements **after** our Supreme Court invalidated Megan's Law III in **Commonwealth v. Neiman**, 84 A.3d 603, 605 (Pa. 2013). Here, Brown's judgment of sentence became final **before** the **Neiman** decision. Brown does not discuss the **Neiman** decision, let alone argue that it applies retroactively to invalidate his conviction under Megan's Law II.

Hence, because Brown's PCRA petition was untimely, and our Supreme Court has not ruled that **Muniz** or **Derhammer** applies retroactively to untimely PCRA petitions, the PCRA court patently lacked jurisdiction to address it. **See Commonwealth v. Leggett**, 16 A.3d 1144, 1145 (Pa. Super. 2011) (holding that neither this Court nor the PCRA court has jurisdiction to address the merits of an untimely-filed petition); **see also Commonwealth v. Jackson**, 30 A.3d 516, 523 (Pa. Super. 2011) (holding that, where the petition was not timely filed, and the petitioner did not establish any of the statutory exceptions to § 9545, the PCRA court had no jurisdiction to offer any form of relief); **Commonwealth v. Jones**, 932 A.2d 179, 182 (Pa. Super. 2007) (holding that where a petitioner files an untimely PCRA petition raising a legality of sentence claim, the jurisdictional limits of the PCRA render the claim incapable of review). Having recognized the error, and its lack of statutory jurisdiction to grant Brown relief, the PCRA court properly vacated its January 29, 2019 order, and dismissed the petition.[5]

While Brown is correct that, pursuant to § 5505, a court is generally divested of jurisdiction to modify or rescind any order beyond thirty days after

_____

[5] Brown superficially mentions the coordinate jurisdiction rule which generally commands that, upon transfer of a matter between judges of coordinate jurisdiction, the transferee judge may not alter the resolution of a legal question previously decided by the transferor judge. **See Commonwealth v. Starr**, 664 A.2d 1326, 1331 (Pa. 1995). However, an exception to this rule exists where, as here, the prior holding was clearly erroneous and would create a manifest injustice if followed. **Id**. at 1332.

its entry, the rule is not without exception. Indeed, our Supreme Court has held that the statute was never intended to eliminate the inherent power of a court to correct obvious and patent mistakes in its orders, judgments and decrees. **See Holmes**, 933 A.2d at 65 (holding that "the limits of jurisdiction enshrined in § 5505 do not impinge on that time-honored inherent power of courts"); **see also Commonwealth v. Cole**, 263 A.2d 339, 341 (Pa. 1970) (considering the predecessor to § 5505). If the PCRA court had jurisdiction to entertain Brown's petition (*i.e.*, if it was timely filed or Brown had, in fact, established a timeliness exception), we would agree that pursuant to § 5505, the PCRA court could not modify or rescind its January 29, 2019 order beyond thirty days. However, as the PCRA court lacked statutory jurisdiction to enter its January 29, 2019 order, the court retained the inherent authority to correct its patent and obvious mistake. We therefore affirm the June 6, 2019 order vacating the January 29, 2019 order.

Order affirmed.

Judge Stabile joins the memorandum.

Judge Pellegrini concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/10/2020